## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:19-CV-61140

BLAKE TURIZO,
individually and on behalf of all
others similarly situated,

         **CLASS ACTION**

    Plaintiff,

         **JURY TRIAL DEMANDED**

v.

JIFFY LUBE INTERNATIONAL, INC.,
and ATLANTIC COAST ENTERPRISES,
LLC d/b/a ACE LUBE CENTERS, LLC.,

    Defendants.

_____/

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff BLAKE TURIZO ("Plaintiff"), individually and on behalf of all others similarly situated, sues Defendant JIFFY LUBE INTERNATIONAL, INC. ("JIL") and Defendant ATLANTIC COAST ENTERPRISES, INC d/b/a ACE LUBE CENTERS, LLC ("ACE") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and 28 U.S.C. 1332(d)(2).

2. Venue in this District is proper because Plaintiff resides here, JIL transacts business here, ACE transacts business here, and the complained conduct of Defendants occurred here.

### PARTIES

3. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Broward County, Florida.

4. JIL is a Delaware corporation, with its principal office located in Houston, Texas.

PAGE | **1** of **8**

5. ACE is a Florida corporation, with its principal place of business located in Norwalk, Connecticut.

6. JIL is a national franchisor of automotive repair and service businesses and ACE is a franchisee thereof.

7. JIL, maintains the Jiffy Lube® brand, of JIL claims to "maintains a cost-to-cost presence through broadcast, digital and evolving social technologies to reach and engage with customers."[1]

8. JIL provides franchisees, of which includes ACE, with "access to robust array of marketing assets and tools to leverage for local store marketing."[2]

## DEMAND FOR JURY TRIAL

9. Plaintiff respectfully demands a trial by jury on all issues so triable.

## BACKGROUND FACTS

10. JIL, as the franchisor, provided and/or afforded ACE, as the franchisee, with equipment, software, hardware, and other products and services as part of an underlying franchise agreement between JIL and ACE.

11. The equipment, software, hardware, and other products and services provided and/or afforded to ACE by JIL included an automatic telephone dialing system ("ATDS"), of which has the current capacity or present ability to generate or store random or sequential numbers or to dial sequentially or randomly at the time the call is made, and to dial such numbers, *en masse*, in an automated fashion without human intervention.

---

[1] *See* https://franchise.jiffylube.com/PeopleAndPerks (last visited June 28, 2019).
[2] Id.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

12. The ATDS provided and/or afforded to ACE by JIL enabled ACE to, among other things, send marketing text messages to Florida consumers at the direction of JIL and otherwise in accordance a marketing campaign organized, coordinated, maintained, and otherwise controlled by JIL. Plaintiff was sent, at minimum, two of these marketing text messages without Plaintiff's express consent.

13. Plaintiff received the subject text messages within this judicial district.

14. Below is a depiction of actual text messages received by Plaintiff from ACE, of which was sent at the direction of JIL and/or in accordance with a marketing campaign organized, coordinated, maintained, and otherwise controlled by JIL:

> Text Message
> Today 7:57 PM
>
> **jiffy lube**
>
> Please click the link below and leave your feedback!
>
> Blake,
> Thank you for allowing our team to help you. Please click the link below to leave your feedback!
> Ryan Jennings
> Zone Manager - Jiffy Lube
>
> To opt out text STOP
> https://dydci.com/rsOZq9oNd5

15. Plaintiff received the subject text messages within this judicial district.

16. JIL and ACE caused other text messages to be sent to individuals residing within this judicial district.

17. At no point in time did Plaintiff provide either JIL or ACE with express consent to be

PAGE | **3** of **8**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

contacted.

18. Plaintiff is the subscriber and sole user of the \*\*\*-\*\*\*-9685 phone number.

19. Defendants unsolicited text messages caused Plaintiff actual harm, including invasion of Plaintiff's privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

20. Defendants text messages inconvenienced Plaintiff and caused disruption to Plaintiff's daily life.

## CLASS ALLEGATIONS

21. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

22. Plaintiff brings this case on behalf of a Class defined as follows:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, received text message made through the use of any automatic telephone dialing system, from JIL, ACE, any other franchisee of JIL, or anyone on JIL's behalf, to said person's cellular telephone number, not for emergency purpose and without the recipient's prior express consent.**

23. Defendants and their employees or agents, Plaintiff's attorneys and their employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.

24. Upon information and belief, Defendants have placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

25. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

26. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

    (A) Whether JIL sent non-emergency text messages to Plaintiff's and Class members' cellular telephones using an ATDS;

    (B) Whether ACE, on behalf of and/or at the direction of JIL, sent non-emergency text messages to Plaintiff's and Class members' cellular telephones using an ATDS;

    (C) Whether Defendants can meet their burden of showing that prior express consent was obtained to make send such texts;

    (D) Whether Defendants conduct was knowing and willful;

    (E) Whether JIL, directly or under a theory of vicarious and/or agency liability, and ACE are liable for damages, and the amount of such damages; and

    (F) Whether Defendants should be enjoined from such conduct in the future.

27. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendants routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

28. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

29. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

30. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendants' wrongful conduct is too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

31. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendants. For example, one court might enjoin Defendants from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227(b)**

32. Plaintiff re-alleges and incorporates paragraphs 1-31 as if fully set forth herein.

33. It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system. The TCPA also specifically prohibits the use of an unsolicited text messages to advertise the sale of goods and services. 47 U.S.C. § 227(b)(1)(B); 47 C.F.R. § 64.1200.

34. Here, ACE, at the direction, command, and control of JIL, used equipment with the

PAGE | 6 of 8

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

capacity to dial numbers without human intervention to send text messages to the cellular telephones of Plaintiff and the above defined Class. Said text messages were sent as part of a marketing campaign organized, coordinated, maintained, and otherwise controlled by JIL.

35. As stated above, the relationship between JIL and ACE is that of franchisor (JIL) and franchisee (ACE), of which is *typically* an arms-length business relationship; However, due to the nature, scope, and control JIL has over the text messages in question, as well as the command and control JIL has over the marketing of the Jiffy Lube® brand with its franchisees, under a theory of vicarious liability, JIL (as the respective principal) is liable for the resulting TCPA violations that arise as a result of the complained of text messages sent by ACE (as the respective agent) and/or any other franchisee of JIL.

36. JIL had actual or apparent control of ACE's marketing efforts.

37. The complained of text messages violate the TCPA and were otherwise negligently sent, or alternatively, willfully sent by Defendants despite prior knowledge of the TCPA.

38. **WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants, providing the following relief:

    (A) Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

    (B) A permanent injunction prohibiting Defendants from violating the TCPA in the future through text messaging cell phones using an automatic telephone dialing system and/or a prerecorded voice message;

    (C) Any other relief the Court finds just and proper.

DATED: July 1, 2019

Respectfully Submitted,

  /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:      855-529-9540

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 1, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

  /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259