UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BLAKE TURIZO,
individually and on behalf of all others
similarly situated,

      Plaintiff,

v.

JIFFY LUBE INTERNATIONAL, INC.,
a Delaware corporation, and
ATLANTIC COAST ENTERPRISES, LLC,
d/b/a ACE LUBE CENTERS, LLC,

      Defendant.
_____/

Case No. 19-cv-61140

**JIFFY LUBE INTERNATIONAL, INC.'S MOTION TO DISMISS
THE AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION
AND ACCOMPANYING MEMORANDUM OF LAW IN SUPPORT**

Nonresident Defendant Jiffy Lube International Inc. ("JLI") moves to dismiss the First Amended Class Action Complaint (the "Amended Complaint") [D.E. 16] for lack of personal jurisdiction. This motion should be granted for the reasons set forth below.

**INTRODUCTION**

In his original complaint, Plaintiff Blake Turizo alleged that JLI "operates 2,000 automobile service [sic] across the United States" and violated the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 (the "TCPA") by sending Turizo two unsolicited text messages. D.E. 1 ¶¶ 2-4. Turizo since has abandoned those false allegations, and now claims that new defendant, Atlantic Coast Enterprises LLC ("ACE"), a JLI franchisee, sent the text messages. Am. Compl. ¶ 34. Nonetheless, and intent on wrongfully keeping JLI in this action, Turizo has manufactured

allegations in support of his new, baseless theory that nonresident defendant JLI is vicariously liable for ACE's supposed violations of the TCPA.[1]

The Amended Complaint should be dismissed against JLI because there is no personal jurisdiction over JLI. Turizo makes no attempt to allege general jurisdiction, and his allegations, even if true, would be insufficient to plead specific personal jurisdiction under any provision of Florida's long-arm statute.

Moreover, even if Turizo's allegations were sufficient to plead specific personal jurisdiction, JLI's allegations are **false**, as demonstrated by the attached declaration (the "Declaration") of Mr. Dennis M. Reiner, JLI's Director of Operations. *See* **Exhibit A**. That proof shifts the burden back to Turizo to prove the veracity of his jurisdiction allegations. Any such attempt by Turizo to prove the veracity of his jurisdiction allegations will fail because he cannot prove acts that never occurred. Turizo lacks a good-faith basis for his allegations against JLI.

Finally, exercising personal jurisdiction over JLI would be inconsistent with due process.

## BACKGROUND

### A. The TCPA Claim

Turizo, on behalf of himself and a putative class, brings a single claim for the alleged violation of the TCPA. Am. Compl. ¶ 32-38. Turizo claims he received at least two "marketing text messages without [his] express consent." *Id.* ¶ 12. Those text messages, which are depicted in

---

[1] For its part, co-defendant ACE has moved to dismiss the Amended Complaint. *See* D.E. 20. To the extent that motion is successful, JLI also should be dismissed because the claim against JLI is premised entirely on its supposed vicarious liability for ACE's alleged violation of the TCPA. *See Fontanez v. Lamberti,* 10-61428-CIV, 2011 WL 4499016, at *15 (S.D. Fla. Sept. 27, 2011) ("Of paramount importance in finding vicarious liability is that the underlying alleged tortfeasor actually be found liable of tortious acts. If the alleged tortfeasor is not liable, no liability can be imputed upwards.") (citing *Mobil Oil Corp. v. Bransford,* 648 So. 2d 119, 121 (Fla. 1995)); *King Cole Condo. Ass'n, Inc. v. Mid-Continent Cas. Co.*, 21 F. Supp. 3d 1296, 1299 (S.D. Fla. 2014) ("Florida law requires a claimant to specifically plead vicarious liability as a separate cause of action."). Thus, JLI incorporates ACE's motion to dismiss.

the Amended Complaint, purportedly were from "Ryan Jennings, Zone Manager – JiffyLube." *Id.* ¶ 14. Turizo alleges that ACE, a JLI franchisee, sent the text messages at JLI's alleged "direction, command, and control" as part of "a marketing campaign organized, coordinated, maintained, and otherwise controlled by [JLI]." *Id.* ¶ 34.

### B.   Jurisdictional Allegations

JLI is incorporated in Delaware, and its principal place of business is in Texas. Am. Compl. ¶ 4. Turizo, a resident of Broward County, Florida, *id.* ¶ 3, claims he received the text messages at issue "within this judicial district." *Id.* ¶ 13.

Turizo does not allege that JLI sent the text messages. Rather, he alleges that ACE sent the text messages at JLI's "direction" or as part of "a marketing campaign organized, coordinated, maintained, and otherwise controlled by [JLI]." *Id.* ¶¶ 34-36.

Turizo further alleges that JLI "provided and/or afforded" ACE with "equipment, software, hardware, and other products and services," including an automatic telephone dialing system ("ATDS"), which allegedly was used by ACE to send the text messages. *Id.* ¶¶ 11-12.

Turizo attempts to allege an agency relationship, wherein JLI is the "principal" and ACE is the "agent." *Id.* ¶ 35.

### C.   JLI's Declaration Rebutting Turizo's Jurisdictional Allegations

JLI does not maintain corporate offices in Florida. *Reiner* Decl. ¶ 5. JLI does not operate automobile service centers in Florida, and does not market or sell goods or services directly to end-use customers in Florida. *Id.* ¶¶ 6-7. Instead, JLI is a franchisor; it authorizes the use of its trademark by third-party franchisees. *Id.* ¶¶ 7-8.

JLI does not, and **did not**, contact Turizo or end-use customers like Turizo or the members of the alleged class, or authorize, "command," direct, or encourage ACE or any person or entity to do so. *Id.* ¶¶ 8-10, 16-17. To the extent ACE sent the text messages at issue to Turizo or anyone,

ACE **did not** do so at the direction of JLI or "in accordance [sic] a marketing campaign organized, coordinated, maintained, and otherwise controlled by [JLI]." *Id.* ¶ 16 (quoting Am. Compl. ¶ 12). On the contrary, if ACE (or anyone) sent the text messages, it did so on its own accord and **without JLI's knowledge or consent**. *Id.* ¶¶ 9-10, 16-17.

JLI **did not** "provide[] and/or afford[]" ACE with an ATDS or any "equipment, software, hardware, [or] other products and services" to send text messages, including any such equipment, software, hardware, or other products or services used "to generate or store random or sequential numbers or to dial sequentially or randomly at the time the call is made, or to dial such numbers, *en masse*, in an automated fashion without human intervention." *Id.* ¶ 15 (quoting Am. Compl. ¶ 11).

ACE is a completely distinct entity from JLI, and there is **no agency relationship** between JLI and ACE. *Id.* ¶¶ 12-14. Neither JLI nor ACE is a fiduciary, agent, employee, or partner of the other. *Id.* ¶ 12. Neither JLI nor ACE is authorized to act on the other's behalf in any manner, nor is either party responsible for any obligations, expenses, or debts of the other. *Id.* No employee of JLI is an employee of ACE, and no employee of ACE is an employee of JLI. *Id.* ¶ 12. Ryan Jennings, the alleged sender of the text messages, is not a JLI employee, agent, or authorized representative. *Id.* ¶ 11.

JLI had no authority to cause ACE to send the text messages (to the extent they were even sent) and did not exercise any such authority, even it existed. *Id.* ¶ 14. ACE, an independent entity, is **solely** responsible for complying with all laws and regulations. *Id.* ¶ 13.

## MEMORANDUM OF LAW

Federal courts undertake "a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).

There are only two possible grounds for personal jurisdiction under Florida's long-arm statute—either general personal jurisdiction or specific personal jurisdiction. Here, Turizo makes no attempt to allege general personal jurisdiction,[2] and fails to establish specific personal jurisdiction over JLI because: (1) Turizo's allegations, even if true, would not satisfy any provision of the long-arm statute; (2) all Turizo's jurisdictional allegations are false, as demonstrated by the Declaration (attached here as **Exhibit A**); and (3) exercising personal jurisdiction over JLI would violate the Due Process Clause of the Fourteenth Amendment.

### A. Turizo's Jurisdictional Allegations, Even if True, Would Not Establish Personal Jurisdiction Over JLI

A plaintiff's threshold burden in establishing personal jurisdiction over a nonresident defendant is to allege facts satisfying a provision of the long-arm statute. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (citing *Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578, 583 (M.D. Fla. 1991)). The only allegations relevant to establishing specific personal jurisdiction are allegations that ***arise from*** the cause of action, such that they establish "connexity" "between the defendant's activities in Florida and the plaintiff's cause of action." *Canale v. Rubin*, 20 So. 3d 463 (Fla. 2d DCA 2009); *Louis Vuitton Malletier, S.A. v. Mosseri*, 736

---

[2] It appears that Turizo, in its first complaint [D.E. 1] attempted to allege that JLI was subject to general personal jurisdiction. The Amended Complaint is devoid of allegations that could support general personal jurisdiction. In the event Turizo nonetheless argues that the Amended Complaint alleges general personal jurisdiction, JLI incorporates pages 4 through 6 of its Motion to Dismiss the Complaint [D.E. 13] as if fully set forth here.

F.3d 1339, 1352 (11th Cir. 2013); *Waite v. AII Acquisition Corp.*, 15-CV-62359, 2016 WL 2346743, at *3 (S.D. Fla. May 4, 2016) (the Eleventh Circuit has made clear that, in determining the causal relation between the defendant and the forum, the alleged contact must be a "but-for cause of the tort") (citing *Fraser v. Smith*, 594 F.3d 890 (11th Cir. 2010)), *aff'd sub nom. Waite v. All Acquisition Corp.*, 901 F.3d 1307 (11th Cir. 2018); *Tarasewicz v. Royal Caribbean Cruises Ltd.*, 14-CIV-60885, 2015 WL 3970546, at *20 (S.D. Fla. June 30, 2015) (doing business in the state, without a nexus to the cause of action, is insufficient for specific personal jurisdiction).

Here, Turizo does not allege that JLI acted in Florida or that JLI was the sender of any text messages to Florida. Rather, his TCPA claim, and the alleged grounds for personal jurisdiction over JLI, rely entirely on JLI's supposed vicarious liability for ACE's alleged violation of the TCPA in Florida. *See* Am. Compl. ¶¶ 34-36. To that end, Turizo attempts to allege an agency relationship between JLI and ACE by claiming that JLI "had actual or apparent control of ACE's marketing efforts." *Id.* at 36. This attempt to allege an agency relationship fails because Turizo does not allege facts supporting the elements needed to plead actual agency or apparent agency, and none exists. *Abramson v. 1 Glob. Cap., LLC*, 15-CV-61373, 2015 WL 12564318, at *3 (S.D. Fla. Sept. 23, 2015) (TCPA case holding: "If Plaintiff wishes to impose vicarious liability on Defendant for the actions of another, he must make it clear that he intends to do so, cite appropriate statutory provisions, and set forth relevant facts indicating that vicarious liability is proper.").

An agency relationship premised on **actual control** "requires: (1) the principal to acknowledge that the agent will act for it; (2) the agent to manifest an acceptance of the undertaking; and (3) control by the principal over the actions of the agent." *Court-Appointed Receiver of Lancer Offshore, Inc. v. Citco Group Ltd*, 05-60055-CIV, 2011 WL 1232986, at *4

(S.D. Fla. Mar. 30, 2011) (plaintiff failed to plead actual agency theory of liability). Turizo fails to allege facts supporting the second and third elements of actual control.

As to the second element of actual control, the alleged text messages do not manifest ACE's acceptance of any undertaking to act on JLI's behalf. On the contrary, the text messages (assuming, *arguendo* that they were sent) demonstrate plainly that they were sent on behalf of a franchisee and not for JLI or its benefit. Am. Compl. ¶ 14 (franchisee "Zone Manager" asking for feedback about service Turizo received at a franchise location). As Turizo acknowledges, JLI is a franchisor, it does not provide services to end use customers in Florida, *see id.* at 35, and the text messages make no attempt to market franchising opportunities to Turizo or anyone else.

Turizo fails also to allege facts sufficient to plead the third element of actual control—namely, control by the principal over the actions of the agent. *Court-Appointed Receiver of Lancer*, 2011 WL 1232986, at *4. Turizo alleges that ACE sent the text messages "at the direction" of JLI or pursuant to some marketing campaign organized by JLI. *See* Am. Compl. ¶¶ 34-35. But "control," as needed to allege an agency relationship and establish personal jurisdiction, requires significantly more. At minimum, Turizo would have had to allege and prove that JLI had some authority (based in contract or otherwise) to cause ACE to send the text messages, and identify the basis of that authority. *Estate of Miller v. Thrifty Rent-A-Car Sys., Inc.*, 637 F. Supp. 2d 1029, 1041 (M.D. Fla. 2009) (no agency relationship between franchisor and franchisee where franchise agreement did not require the franchisees to purchase certain cars or allow the franchisor to dictate hiring practices); *Thomas v. Taco Bell*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012) (to succeed on a vicarious liability theory against a franchisor under the TCPA, the plaintiff, at minimum, "must demonstrate that the [franchisee] acted as an agent of [the franchisor]: that [the franchisor] controlled or had the right to control them **and, more specifically, the manner and means of the**

**text message campaign they conducted**.") (emphasis added), *aff'd,* 582 Fed. Appx. 678 (9th Cir. 2014); *Mobil Oil Corp. v. Bransford*, 648 So. 2d 119, 120 (Fla. 1995) (no agency relationship because use of franchise logos and related advertisements does not establish franchisor's "actual or apparent control over any substantial aspect of the franchisee's business" and noting that contract expressly disclaimed control over conduct or management of business); *Naiman v. TranzVia LLC*, 2017 WL 5992123 (N.D. Cal. Dec. 4, 2017) (granting motion to dismiss for lack of personal jurisdiction over purported agent because the complaint did not allege facts showing it had any control or express authority over entity making the calls sued upon); *Kern v. VIP Travel Servs.*, 2017 WL 1905868 (W.D. Mich. May 10, 2017) (granting motion to dismiss for lack of personal jurisdiction by resorts when no allegations made that they were subject to vicarious liability for the actions of telemarketers); *Johansen v. Homeadvisor, Inc.*, 218 F. Supp. 3d 577 (S.D. Ohio 2016) (marketer was not acting or purporting to act as agent of purchaser to obtain jurisdiction over purchasers under ratification theory); *see also Cunningham v. Capital Advance Solutions, LLC*, Civil Action No.: 17-13050 (FLW), at *17 (D.N.J. Nov. 20, 2018) (the existence of an agency relationship insufficient to establish personal jurisdiction under the TCPA unless agency relationship was established specifically for the purpose of directing telemarking activities to the forum state). Turizo failed to make any such allegation.

Turizo fails also to allege an **apparent agency** relationship between JLI and ACE. "[Florida] law is well settled that an apparent agency exists only if each of three elements are present: (a) a representation by the purported principal; (b) a reliance on that representation by a third party; and (c) a change in position by the third party in reliance on the representation." *Mobil Oil Corp. v. Bransford*, 648 So. 2d 119, 121 (Fla. 1995). The mere existence of a

franchisor/franchisee relationship and the use by a franchisee of a franchisor's trademarks do not establish apparent agency. *Id.*

Turizo's only allegations relating to an apparent agency relationship is his conclusory (and false) claim that one exists. Am. Compl. ¶ 36 (alleging that JLI had "apparent control of ACE's marketing efforts"). The Amended Complaint does not allege that JLI made a representation to Turizo regarding an agency relationship, that Turizo relied on any such representation, or that Turizo changed any position based on his reliance on any representation. Accordingly, Turizo has failed to plead the existence of an apparent agency relationship. The fact that ACE uses JLI's intellectual property is insufficient. *Mobil Oil Corp.*, 648 So. 2d at 121; *Thrifty Rent-A-Car Sys., Inc.*, 637 F. Supp. 2d at 1041.

Turizo fails to allege sufficient facts to satisfy any provision of the long-arm statute because Turizo does not allege activities by JLI in Florida, the TCPA claim against JLI is premised entirely on a theory of vicarious liability via an alleged agency relationship with ACE, and Turizo failed to allege facts supporting an actual or apparent agency relationship between JLI and ACE.

**B.      Turizo's Jurisdictional Allegations Are False**

Even if a plaintiff satisfies its initial burden of alleging facts satisfying a provision of the long-arm statute, a nonresident defendant may contest those allegations through a declaration, thereby shifting the burden back to the plaintiff "to prove by affidavit the basis upon which jurisdiction may be obtained." *Acquadro v. Bergeron,* 851 So. 2d 665, 671 (Fla. 2003) (citing *Venetian Salami Co. v. Parthenais,* 554 So. 2d 499, 502 (Fla. 1989); *see also Lawson Cattle & Equip., Inc. v. Pasture Renovators LLC*, 139 Fed. Appx. 140, 142, 2005 WL 1189631 (11th Cir. 2005). Turizo did not meet his initial burden, yet, even if he had, his allegations are false and, as a result, do not establish personal jurisdiction over JLI.

Turizo alleges that ACE sent "marketing text messages to Florida consumers at the direction of [JLI] and otherwise in accordance a marketing campaign coordinated, maintained, and otherwise controlled by [JLI]." Am. Compl. ¶ 12. That baseless allegation is false. JLI did **not** direct ACE to send any text messages to Turizo or any end-use customers, *see* Exhibit A ¶¶ 7-10, 16-17, and JLI had no authority to direct ACE to send any such text messages and did not exercise any such authority, even if it existed. *Id.* ¶ 14. Moreover, if ACE did send the text messages, it did so of its own accord, without JLI's knowledge or consent. *Id.* ¶¶ 10, 17.

Turizo alleges also that JLI provided ACE with the ATDS supposedly used by ACE to send text messages to Turizo. Am. Compl. ¶¶ 11-12. Here again, that baseless[3] allegation is false. JLI did not provide ACE with an ATDS or any system with "the current capacity or present ability to generate or store random or sequential numbers or to dial sequentially or randomly at the time the call is made, and to dial such numbers, *en masse*, in an automated fashion without human intervention." Exhibit A ¶ 15 (quoting Am. Compl. ¶ 11).

Finally, Turizo alleges the existence of an agency relationship between JLI and ACE. The existence of any such relationship is irrelevant because, as demonstrated above, JLI did not direct ACE or anyone to send the text messages and had no knowledge of them. Exhibit A ¶¶ 7-10, 16-17. Thus, even if there were an agency relationship between JLI and ACE, that relationship would not "arise from" Turizo's TCPA claim and, therefore, would not warrant consideration as part of

---

[3] Turizo lacks a good-faith basis to allege that JLI provided ACE with an ATDS. Apparently his sole basis for that false allegation is a quote from JLI's website saying that JLI provides franchisees with "access to a robust array of marketing assets and tools to leverage for local store marketing." Am. Compl. ¶ 8. Of course, providing franchisees with marketing assets and tools in no way suggests or supports the absurd notion that JLI provided ACE or any franchisees with an ATDS designed to send messages in violation of federal law.

the jurisdictional analysis. *See, e.g.*, *Waite v. AII Acquisition Corp.*, 15-CV-62359, 2016 WL 2346743, at *3 (S.D. Fla. May 4, 2016) (the alleged contact must be a but-for cause of the tort).

In any case, there is no agency relationship between JLI and ACE. *See* Exhibit A ¶¶ 12-14, 16-17. ACE is a completely distinct entity from JLI. *Id.* ¶ 12. Neither JLI nor ACE is a fiduciary, agent, employee, or partner of the other. *Id*. Neither JLI nor ACE is authorized to act on the other's behalf in **any manner**, nor is either party responsible for any obligations, expenses, or debts of the other. *Id*. No employee of JLI is an employee of ACE, and no employee of ACE is an employee of JLI. *Id*.

As with his false allegations in the original complaint, *see* D.E. 13 at 3 (rebutting Turizo's allegations); D.E. 16 (abandoning his claims that JLI operates automotive service centers and sent the text messages), Turizo lacks a good faith basis for his allegations here, which also are false. *See generally* Exhibit A. JLI **did not and cannot** establish personal jurisdiction over JLI because JLI did not send or direct anyone to send the text messages, and cannot be vicariously liable for ACE's alleged violation of the TCPA. *Id.* Accordingly, JLI should be dismissed from this action with prejudice.

      **C.**     **Exercising Personal Jurisdiction Over JLI Would Violate Due Process**

When, as here, the plaintiff has failed to demonstrate that one of the acts set forth in the Florida long-arm statute applies, there is no need for the court to address the due process prong of the personal jurisdiction analysis. *Hinkle v. Cirrus Design Corp.*, No. 18-10404, 2019 WL 2233644, at *4 (11th Cir. May 23, 2019) ("Where . . . the requirements of the Florida long-arm statute have not been met, we need not address whether application of that statute in this case would meet federal constitutional due process requirements."); *Marina Dodge, Inc. v. Quinn*, 134 So. 3d 1103, 1106 (Fla. 4th DCA 2014); *Mey*, 2016 WL 7338411 at *6 (after finding no basis for exercising personal jurisdiction under long-arm statute based upon TCPA, the court determined it

"need not determine whether exercising personal jurisdiction over [the moving defendant] comports with Due Process").

Even if this Court were to conduct such an analysis, it would show that exercising specific personal jurisdiction over JLI in this matter would violate due process for the same reasons stated above. JLI could not reasonably have anticipated being haled to court in Florida for sending text messages that it never sent, is not responsible for, did not direct anyone to send, and **did not even know about**. *Rollashoe, LLC v. Funk-Tional Enterprises, LLC*, 10-20487-CIV, 2010 WL 11602763, at *3 (S.D. Fla. June 30, 2010) (no minimum contacts over nonresident defendants who did not know that New York seller had a store in Miami where products would be sold); *Erie Ins. Exch. v. Larose*, 202 So. 3d 148, 155 (Fla. 2d DCA 2016) (no minimum contacts over nonresident insurer that did not know that policy holder had allowed Florida resident to drive car to Florida); *see also Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S.Ct. 1773 (2017) ("[S]pecific jurisdiction is confined to the adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction."); *Waite*, 2016 WL 2346743 at *5 ("a minimum contacts finding requires that a defendant's suit-related conduct constitute the 'but-for' cause of the tort at issue").

## CONCLUSION

The Amended Complaint should be dismissed with prejudice for lack of personal jurisdiction over JLI.

Dated: August 5, 2019

>
> Respectfully submitted,
> By: /s/ *Edward M. Mullins*__
> Edward M. Mullins, Esq.
> Florida Bar No. 863920
> Email: emullins@reedsmith.com
> Brandon T. White, Esq.

- 13 -

Florida Bar No. 106792
Email: bwhite@reedsmith.com
Daniel A. Sox, Esq.
Florida Bar No. 108573
Email: dsox@reedsmith.com

**REED SMITH LLP**
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
Telephone: (786) 747-0222
Facsimile: (786) 747-0299

**CERTIFICATE OF SERVICE**

I certify that on August 5, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record, including:

Jibrael S. Hindi, Esq.
The Law Offices of Jibrael S. Hindi, PLLC
110 SE 6th Street
Ft. Lauderdale, FL 33301
Telephone: (954) 907-1136
Facsimile: (855) 529-9540
Email: jibrael@jibraellaw.com

                                    */s/ Daniel A. Sox*
                                    Daniel A. Sox, Esq.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BLAKE TURIZO,
individually and on behalf of all others
similarly situated,

    Plaintiff,

v.    Case No. 19-cv-61140

JIFFY LUBE INTERNATIONAL, INC.,
a Delaware corporation, and
ATLANTIC COAST ENTERPRISES, LLC,
d/b/a ACE LUBE CENTERS, LLC,

    Defendant.
_____/

## **DECLARATION OF DENNIS M. REINER**

I, Dennis M. Reiner, declare as follows:

1.    I am over 18 years of age and competent to give this declaration, which is based on my personal knowledge.

2.    I am Director of Operations for Jiffy Lube International, Inc. ("JLI"), defendant in the above-referenced matter.

3.    My office is located in Houston, Texas.

4.    JLI is incorporated in Delaware, and its principal place of business is Houston, Texas.

5.    JLI does not have corporate offices in Florida.

6.    JLI does not own or operate automotive service centers in Florida.

7.    JLI is primarily a franchisor. JLI does not market or sell goods or services directly to end-use customers in Florida.

8. JLI's franchisees are permitted to use the JLI trademark to market lubricants and related services, and certain other automotive products, to end-use customers. As such, JLI does not contact end-use consumers in Florida by text or otherwise.

9. JLI did not send or authorize the sending of the text messages identified in the Amended Complaint to Plaintiff Blake Turizo or any customers of JLI franchisees.

10. The text messages reproduced at Paragraph 14 of the Amended Complaint and any others alleged in the Amended Complaint were not sent by JLI, either directly or indirectly, and, to the extent they actually were sent by any person or entity, JLI had no knowledge that they would be sent.

11. Ryan Jennings is not a JLI employee, agent, or authorized representative.

12. Atlantic Coast Enterprises, Inc. d/b/a ACE Lube Centers, LLC ("ACE") is a completely distinct entity from JLI. Neither JLI nor ACE is a fiduciary, agent, employee, or partner of the other. Neither JLI nor ACE is authorized to act on the other's behalf in any manner, nor is either party responsible for any obligations, expenses, or debts of the other. No employee of JLI is an employee of ACE, and no employee of ACE is an employee of JLI.

13. ACE is solely responsible for complying with all laws and regulations.

14. JLI had no authority to cause ACE to send the text messages and did not exercise any such authority, even if it existed.

15. JLI has never provided or "afforded" ACE an automatic telephone dialing system ("ATDS") or any means "to generate or store random or sequential numbers or to dial sequentially or randomly at the time the call is made, or to dial such numbers, *en masse*, in an automated fashion without human intervention." Am. Compl. ¶ 11.

16.    If ACE sent the text messages described in the Amended Complaint, ACE did **not** do so "at the direction of [JLI]" or "in accordance [sic] a marketing campaign organized, coordinated, maintained, and otherwise controlled by [JLI]." Am. Compl. ¶ 12.

17.    JLI did not direct, consent to, or encourage ACE or any other person or entity to send the alleged text messages, of which JLI had no knowledge.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____       8/5/19 _____
Dennis M. Reiner                                                    Date