**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-61140-BLOOM/Valle**

BLAKE TURIZO,

      Plaintiff,

v.

JIFFY LUBE INTERNATIONAL, INC.,
and ATLANTIC COAST ENTERPRISE, LLC,
d/b/a Ace Lube Centers, LLC,

      Defendants.

_____/

## OMNIBUS ORDER ON MOTIONS TO DISMISS

**THIS CAUSE** is before the Court upon Motions to Dismiss filed by Defendants Atlantic

Coast Enterprise, LLC ("Ace"), ECF No. [20], and Jiffy Lube International, Inc. ("Jiffy Lube"),

ECF No. [21]. The Court has carefully considered the Motions, all opposing and supporting

submissions, the record in this case and the applicable law, and is otherwise fully advised. For the

reasons that follow, Ace's Motion is granted in part, and Jiffy Lube's Motion is granted.

### I.      BACKGROUND

This case arises as a result of unwanted text messages. Plaintiff Blake Turizo ("Plaintiff"

or "Turizo") initiated this purported class action alleging that Ace, at the direction of Jiffy Lube,

sent at least one text message to his cellular telephone using an automatic telephone dialing system

("ATDS") and without his consent. *See* First Amended Complaint, ECF No. [16]. As such, Turizo

asserts one count against Ace and Jiffy Lube for violation of the Telephone Consumer Protection

Act, 47 U.S.C. § 227 ("TCPA"). Ace seeks dismissal of the First Amended Complaint for failure

to state a claim. Jiffy Lube argues that the Court lacks personal jurisdiction.

## II.     LEGAL STANDARD

### A. Failure to state a claim

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for failure to state a claim upon which relief can be granted.

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the

unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

### B. Personal jurisdiction

"In a motion to dismiss for lack of personal jurisdiction, a court must accept the facts alleged in plaintiff's complaint as true, to the extent that they are not contradicted by defendant's affidavits." *Kim v. Keenan*, 71 F. Supp. 2d 1228, 1231 (M.D. Fla. 1999) (citing *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990)). "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). "Once the plaintiff pleads sufficient material facts to form a basis for *in personam* jurisdiction, the burden shifts to the defendant to challenge plaintiff's allegations by affidavits or other pleadings." *Carmouche v. Carnival Corp.*, 36 F. Supp. 3d 1335, 1388 (S.D. Fla. 2014), *aff'd, sub nom*, *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201 (11th Cir. 2015). A defendant challenging personal jurisdiction must present evidence to counter the plaintiff's allegations. *Internet Sols. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009). "If the defendant provides sufficient evidence, 'the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents.'" *MPS Entm't, LLC v.*

*Headrush Apparel, Inc.*, No. 12-Civ-23364, 2013 WL 5446543, at *2 (S.D. Fla. Sept. 30, 2013) (quoting *Thomas v. Brown*, 504 F. App'x 845, 847 (11th Cir. 2013)); *see also Internet Sols. Corp.*, 557 F.3d at 1295 (same); *Exist, Inc. v. Woodland Trading, Inc.*, No. 14-61354-CIV, 2015 WL 881407, at *1 (S.D. Fla. Mar. 2, 2015) (citing *Cable/Home Commc'n Corp.*, 902 F.2d at 855).

Adhering to these standards, the Court considers the Motions.

## III. DISCUSSION

Plaintiff asserts his claim under a provision of the TCPA that prohibits the use of an ATDS to call a cellular telephone without the recipient's consent. The TCPA provides in pertinent part that "[i]t shall be unlawful for any person within the United States . . . to make any call . . . (other than a call . . . made with the prior express consent of the called party) . . . using any [ATDS] . . . to any telephone number assigned to a . . . cellular telephone service . . . . 47 U.S.C. § 227(b)(1)(A)(iii). A text message to a cellular telephone qualifies as a "call" within the meaning of the TCPA. *Thomas v. Peterson's Harley Davidson of Miami, L.L.C.*, 363 F. Supp. 3d 1368, 1371 (S.D. Fla. 2018) (citing *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 269 n.2 (3d Cir. 2013)). Thus, Plaintiff alleges that Defendants violated the TCPA when they sent him text messages without his consent.

### A. Ace's Motion to Dismiss

In its Motion, Ace argues that the First Amended Complaint fails to state a claim because there are no facts pleaded to create an inference that Ace sent text messages using an ATDS or without Turizo's prior express consent. The Court considers each argument in turn.

In order to establish a claim under the TCPA, a plaintiff must show that "(1) a call was made to a cell or wireless phone, (2) by the use of any automatic dialing system or an artificial or prerecorded voice, and (3) without prior express consent of the called party." *Augustin v.*

4

*Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1253 (M.D. Fla. 2012); *see also Solis v. CitiMortgage, Inc.*, 700 F. App'x 965, 970 (11th Cir. 2017). The TCPA defines an ATDS as equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator *and* to dial the stored numbers. 47 U.S.C. § 227(a)(1) (emphasis added). "A bare allegation that a defendant used an automatic telephone dialing system is not enough." *McGinity v. Tracfone Wireless, Inc.*, 5 F. Supp. 3d 1337, 1340 (M.D. Fla. 2014) (citations and quotations omitted). Indeed, "well-pled allegations of an automated telephone dialing system rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages to raise an inference that an automated telephone dialing system was used." *Mesa v. Am. Express Educ. Assurance Co.*, No. 16-CV-24447-HUCK, 2017 WL 2212147, at *5 (S.D. Fla. May 18, 2017) (quoting *Gragg v. Orange Cab Co.*, 942 F. Supp. 2d 1111, 1114 (W.D. Wash. 2013) (alterations omitted). In short, "[t]o sufficiently plead the ATDS element of a TCPA claim, a plaintiff may not merely recite the statutory elements of the use of an ATDS or prerecorded voice without alleging additional facts to support those facts." *Adams v. Ocwen Loan Servicing, LLC*, 366 F. Supp. 3d 1350, 1355-56 (S.D. Fla. 2018).

Upon review, the allegations in the First Amended Complaint are insufficient to plausibly allege the use of an ATDS. In the First Amended Complaint, Turizo alleges that Jiffy Lube provides its franchisees like Ace with "access to [a] robust array of marketing assets and tools to leverage for local store marketing," and equipment, software, hardware, and other products and services as part of its franchise agreement. ECF No. [16] ¶¶ 8, 10. In addition, Turizo alleges that the equipment, software, hardware, and other products provided include an ATDS—echoing statutory language defining an ATDS—that enables Ace to send marketing text messages to Florida consumers like Turizo, who received at least two such marketing messages. *Id*. ¶¶ 11-12.

Turizo proceeds to provide a screenshot of one of the text messages, which is addressed to him, and states "Blake, Thank you for allowing our team to help you. Please click the link below to leave your feedback!" *Id.* ¶ 14. As pleaded, there are no facts alleged to connect Jiffy Lube's provision of "marketing assets and tools" with Turizo's conclusory allegation that one of the tools was an ATDS. In addition, the text of the message raises an inference that it was sent as a result of some provision of services to Turizo, as opposed to a marketing message sent *en masse*, as alleged. Therefore, the First Amended Complaint fails to sufficiently allege that Defendant used an ATDS to send the text messages at issue.

Ace argues next that the allegations in the First Amended Complaint fail to raise a plausible inference that the text messages were sent without Turizo's prior express consent. The Court disagrees. First, Turizo explicitly alleges that he did not provide express consent to be contacted to either Ace or Jiffy Lube. ECF No. [16] ¶ 17. This allegation is sufficient at this juncture. Second, regardless of whether the text message may ultimately qualify as telemarketing, prior express consent is an affirmative defense for which a defendant bears the burden of proof. As such, it is not an appropriate basis for dismissal. *See Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012) ("[T]he prior express consent exemption acts as an affirmative defense, and the burden will be on the [defendant] to show it obtained the necessary prior express consent.") (quotations and citation omitted); *Lardner v. Diversified Consultants Inc.*, 17 F. Supp. 3d 1215, 1224 (S.D. Fla. 2014) ("Prior express consent is an affirmative defense for which the defendant bears the burden of proof.") (quotations and citation omitted).[1] As a result, this element of Turizo's claim is adequately pleaded.

---

[1] Ace attaches to its Reply an invoice, which it argues demonstrates that Turizo provided prior express consent to be contacted. ECF No. [39-1]. Even though the Court may consider documents outside the four corners of the complaint if they are undisputed in terms of authenticity and central to a plaintiff's claim, the attached invoice is not central to Turizo's TCPA claim. Moreover, the invoice is attached to the Reply and

**B. Jiffy Lube's Motion to Dismiss**

In its Motion, Jiffy Lube argues that the allegations in the First Amended Complaint fail to establish that this Court may exercise personal jurisdiction over it, as Turizo has not alleged a sufficient basis for either general or specific jurisdiction. In response, Turizo contends that the Court may exercise personal jurisdiction over Jiffy Lube under the provision of Florida's long-arm statute providing for an exercise of jurisdiction as a result of a defendant committing a tortious act within Florida. *See* Fla Stat. § 48.193(1)(a)(2).

Florida's long-arm statute, Fla. Stat. § 48.193, "addresses both specific and general jurisdiction." *Caiazzo v. Am. Royal Arts Corp.*, 73 So. 3d 245, 250 (Fla. 4th DCA 2011). Specific jurisdiction exists where the non-resident defendant engages in specific actions enumerated in Florida Statutes § 48.193(1), which give rise to the stated cause of action. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 411 n.8 (1984) ("It has been said that when a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, the State is exercising 'specific jurisdiction' over the defendant."). This list of actions includes, in relevant part, "[c]ommiting a tortious act within the state." Fla. Stat. § 48.193(1)(a)(2). "A federal district court in Florida may exercise personal jurisdiction over a nonresident defendant to the same extent that a Florida court may, so long as the exercise is consistent with federal due process requirements." *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008).

Accordingly, this Court has jurisdiction over a defendant if (1) jurisdiction is authorized by Florida's long-arm statute; and (2) the exercise of jurisdiction over the defendant does not

---

not Ace's Motion, and therefore, the Court declines to consider it. *See Heller v. Carnival Corp*., 191 F. Supp. 3d 1352, 1363 (S. D. Fla. 2016) (declining to consider document attached to reply in support of motion to dismiss).

violate the Fourteenth Amendment's Due Process Clause. *See Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004); *High Tech Pet Prods., Inc. v. Shenzhen Jianfeng Elec. Pet Prod. Co.*, No. 6:14-cv-759-Orl-22TBS, 2015 WL 926048, at *2 (M.D. Fla. Feb. 12, 2015), *report and recommendation adopted*, 2015 WL 926023 (M.D. Fla. Mar. 4, 2015). However, "[t]he mere proof of any one of the several circumstances enumerated in [Florida's long-arm statute] as the basis for obtaining jurisdiction of nonresidents does not automatically satisfy the due process requirement of minimum contacts." *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989) (citing *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310 (1945)).

Thus, to determine whether the Court may exercise personal jurisdiction over a defendant, the Court engages in a two part inquiry. First, the Court must determine whether Florida's long-arm statute is satisfied because the defendant committed one of its enumerated acts that subject a party to jurisdiction within Florida. *Carmouche*, 789 F.3d at 1204 (quoting Fla. Stat. § 48.193(1)(a)). Second, the Court must determine whether such exercise comports with due process. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013).

i.   Florida's long-arm statute

At the outset, the Court notes that Turizo seeks to hold Jiffy Lube liable for the alleged TCPA violations on a theory of vicarious liability. ECF No. [16] ¶ 35. In the First Amended Complaint, Turizo alleges that Jiffy Lube is a Delaware corporation with its principal place of business in Houston, Texas, and that Jiffy Lube transacts business in Florida. *Id.* ¶¶ 2, 4. Turizo alleges further that the text messages at issue were sent at Jiffy Lube's direction pursuant to an overarching marketing scheme it controls and directs, and that Jiffy Lube had actual or apparent control of Ace's marketing efforts. *Id.* ¶¶ 12, 14, 35-36. Thus, following Turizo's logic, Ace was

acting as Jiffy Lube's agent when the text messages were sent, making Jiffy Lube liable for Ace's alleged violations of the TCPA.

In response, attached to its Motion, Jiffy Lube has provided the sworn declaration of Dennis M. Reiner, Director of Operations for Jiffy Lube. ECF No. [21] at 16-18 ("Declaration"). In the Declaration, Mr. Reiner states in pertinent part that, contrary to Turizo's allegations, Jiffy Lube does not have corporate offices in Florida, nor does it own or operate automotive service centers in Florida. *Id*. ¶¶ 5-6. In addition, Jiffy Lube is a franchisor and does not market or sell goods or services directly to end-use customers in Florida. *Id*. ¶ 7. According to Mr. Reiner, while Jiffy Lube's franchisees are permitted to use the Jiffy Lube trademark to market certain products and services, Jiffy Lube itself does not contact end-use customers. *Id*. ¶ 8. Moreover, Jiffy Lube did not authorize the sending of text messages, nor did Jiffy Lube have any knowledge that they would be sent. *Id.* ¶ 9-10. Perhaps most importantly, Mr. Reiner states that Ace is an entity completely distinct from Jiffy Lube, such that Jiffy Lube had no authority to cause Ace to send text messages, and that Jiffy Lube did not provide Ace an ATDS, nor did Jiffy Lube direct or control any marketing campaign pursuant to which Ace may have sent the alleged text messages. *Id*. ¶¶ 12, 14-17.  Jiffy Lube has provided sufficient evidence to shift the burden back to Turizo to provide evidence for the claim of jurisdiction. *MPS Entm't, LLC*, 2013 WL 5446543, at *2.

In response, Turizo fails to present any evidence to rebut the Declaration provided by Jiffy Lube, but simply argues that his allegations are sufficient.[2] However, the Court must only "accept the facts alleged in the complaint as true, to the extent that they are uncontroverted by the

[2] To the extent that Turizo requests that the Court delay its ruling "until Plaintiff is able to enjoy the benefits of formal discovery and an evidentiary hearing is conducted," the Court is disinclined to grant such a request. First, an evidentiary hearing on personal jurisdiction is discretionary. *See Cable/Home Commc'n Corp.*, 902 F.2d at 855. Second, had Plaintiff believed jurisdictional discovery was necessary, he could have requested leave to conduct such limited discovery prior to filing a response to Jiffy Lube's Motion. He did not.

defendant's affidavits." *Cable/Home Commc'n Corp.*, 902 F.2d at 855. Here, the allegations Turizo relies upon to establish personal jurisdiction have been fully rebutted with evidence by Jiffy Lube, to which Turizo has provided no evidentiary response. As a result, Turizo has failed to establish that the Court may exercise personal jurisdiction over Jiffy Lube under the Florida long-arm statute. *See Daccache v. Quiros*, No. 16-21575-CIV-MORENO, 2018 WL 2248409, at *11 (S.D. Fla. May 15, 2018) (determining that where plaintiffs failed to proffer evidence to contradict defendant's affidavits, the court's inquiry ends, and plaintiffs therefore fail to meet the burden of establishing jurisdiction). Furthermore, because Turizo has failed to satisfy the first part of the applicable two-part inquiry, the Court does not consider whether an exercise of jurisdiction would comport with due process.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Ace's Motion, **ECF No. [20]**, is **GRANTED IN PART AND DENIED IN PART**, as set forth above, and Jiffy Lube's Motion, **ECF No. [21]**, is **GRANTED**. Turizo may file a Second Amended Complaint, **on or before October 10, 2019**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 24, 2019.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record